UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 12-2180-GW (JCGx) | Date | June 18, 2012 |
| Title | *Center of Surrogate Parenting, Inc., et al. v. Circle Surrogacy, Ltd.* | | |

Present: The Honorable   GEORGE H. WU, United States District Judge

| Javier Gonzalez | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**        (IN CHAMBERS):  **ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

Center for Surrogate Parenting, Inc. and Growing Generations, LLC ("Plaintiffs") sue Circle Surrogacy, Ltd. ("Defendant") for unfair competition under the California Business and Professions Code § 17200.  *See* Compl. ¶¶ 3-5, 23-24.  Plaintiffs and Defendant are full-service surrogacy agencies that help couples, including foreign couples, navigate the medical, legal, and financial aspects of the surrogacy process.  *See id.* ¶¶ 6-9.  Defendant allegedly delays filing paperwork identifying foreign clients as the true, non-biological parents of children likely to be born prematurely so that the children receive health insurance benefits under the *surrogate mother's policy* (as opposed to under the non-biological parents' policy), potentially saving clients tens of thousands of dollars in health care costs.  *See id.* ¶¶ 12, 14-15.  Plaintiffs claim that they have lost potential clients to Defendant solely based on Defendant's promotion of this practice.  *See id.* ¶¶ 15-16.  Further, Plaintiffs allege that this practice will harm the surrogacy industry by reducing the number of potential surrogate mothers, increasing government regulation, and increasing the cost of insurance coverage.  *See id.* ¶¶ 17-20.

Plaintiffs filed the Complaint in this Court on March 12, 2014, asserting federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA").  *See id.* ¶ 1.  Plaintiffs' Complaint presents a number of deficiencies with respect to subject matter jurisdiction.  "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."  *Henderson ex rel. Henderson v. Shinseki*, 131 S.Ct. 1197, 1202 (2011).

First, although CAFA requires only minimal diversity, it does not apply to class actions in which "the number of members of all proposed plaintiff classes in the aggregate is less than 100."  *See* 28 U.S.C. § 1332(d)(2)-(5).  A plaintiff "bears the burden of making some showing affording the district court the means to make a supported factual finding, that the class actually certified meets the numerosity requirement."  *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir. 2006); *see also Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1038 (5th Cir. 1931) ("In order to satisfy his burden with respect to [establishing numerosity], a plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members.").  Plaintiffs do not, even conclusorily, allege the requisite class size, nor do they provide any information that would allow the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Court to find that CAFA's numerosity requirement is satisfied.  *See* Compl. ¶ 1.  Plaintiffs must put forth some reasonable estimate of the number of similarly-situated surrogacy organizations, and should specify or estimate how many of those are citizens of California for the purposes of diversity jurisdiction under CAFA.

Second, CAFA imposes a jurisdictional amount in controversy requirement of $5,000,000.  *See* 28 U.S.C. § 1332(d)(2).  Plaintiffs make only a conclusory allegation that damages are in excess of the jurisdictional minimum.  *See* Compl. ¶ 1.  Generally, the jurisdictional amount is presumptively satisfied by such an allegation unless "it appears to a 'legal certainty' that the claim is actually for less." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996)).  However, the Court "must inquire into the plausibility of Plaintiff[s'] jurisdictional allegations, which are required to be good faith reliable estimates based on pleadings and other evidence in the record, and not devoid of concrete evidence or based purely on speculation and conjecture."  *Baxter v. Rodale, Inc.*, No. CV 12-00585 GAF (MANx), 2012 U.S. Dist. LEXIS 59571, at *5-6 (C.D. Cal. Apr. 12, 2012) (internal quotations omitted).  Plaintiffs must provide additional support for the allegations contained in the Complaint in order for the Court to determine whether or not the jurisdictional minimum is satisfied.

Third, relatedly, Plaintiffs' Complaint insufficiently pleads class claims.  *See id.* ¶¶ 21-22.  The Local Rules of this district require that "[a]ny pleading purporting to commence a class action shall contain a separate section entitled 'Class Action Allegations,'" which should contain a statutory reference and information justifying the action's proceeding as a class action, including, among many other elements, "the definition of the proposed class" and "the size (or approximate size) of the proposed class."  C.D. Cal. R. 23-2.  Proper pleading will aid the Court in determining if CAFA's numerosity and amount in controversy requirements are satisfied.

As a result of the above-noted issues, Plaintiffs' jurisdictional allegations are insufficient.[1]  Plaintiffs have until Monday, July 9, 2012 to submit an amended Complaint which alleges all necessary jurisdictional facts.  If they do not do so, the Court will dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction.  In light of this Order, Defendant's motion to dismiss currently on calendar to be heard on June 28, 2012 is hereby vacated, though Defendant shall be given leave to renew the motion should it so choose, if an amended pleading sufficiently indicating jurisdictional facts is filed.

Deputy Clerk ____JG____

---

[1] The Court is also uncertain as to whether Article III's standing requirements are satisfied here, but declines to address the issue at this time.